UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MAURIO ALEXIS | CIVIL ACTION |
| VERSUS | NO. 23-5013 |
| TIMOTHY HOOPER, WARDEN | SECTION "D" (2) |

## **O R D E R**

Petitioner Maurio Alexis filed a Motion to Stay Application for Writ of Habeas Corpus seeking a stay and abeyance of his federal habeas corpus petition filed under 28 U.S.C. § 2254.[1] Alexis asserts that his claims and the timeliness of this petition are based on facts discovered between August 30, 2022 and August of 2023.[2]  Alexis asserts that he recently filed for state court post-conviction review of his claims, which are:

(1) the State withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963);
(2) his counsel provided ineffective assistance of counsel;
(3) cumulative error entitles him to a new trial; and
(4) his due process rights were violated due to a racially discriminatory grand jury selection process.[3]

As a result, he filed this federal petition in an effort to preserve the one-year filing requirement under 28 U.S.C. § 2244(a)(1)(D) as provided for in *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).  On September 18, 2023, the State on behalf of Respondent filed a stipulation indicating that they do not oppose the grant of a stay in this matter.  ECF No. 23.

The Supreme Court has held that it may be appropriate for a federal district court to stay federal habeas corpus proceedings to allow a petitioner to present unexhausted claims to the state

---

[1] ECF No. 17.
[2] *Id*., ¶1, at 1.
[3] *Id*., ¶2, at 1; *see also* ECF No. 22, at ii-iii.

courts before completing federal review.[4]  The Court also has permitted the filing of protective federal habeas corpus petitions and accompanying motions to stay to preserve the availability of federal review while a petitioner completes exhaustion.[5]

As Alexis concedes, the timeliness of his petition is at issue here.  He claims that he is currently exhausting state court review of his claims, which also may impact the application of the statute of limitations based on his assertion of a new factual predicate.   The court, therefore, finds good cause to stay this matter.   Accordingly,

**IT IS ORDERED** that Alexis' Motion to Stay Application for Writ of Habeas Corpus (ECF No. 17) is **GRANTED** and consideration of Alexis' petition for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby **STAYED**.  The clerk of court is directed to **CLOSE** this case for administrative and statistical purposes.

**IT IS FURTHER ORDERED** that either Alexis or the Respondent through counsel of record may move to re-open this matter within sixty (60) days after conclusion of state court review disposing of Alexis' post-conviction claims asserted in this federal petition.

New Orleans, Louisiana, this  27th  day of September, 2023.

**DONNA PHILLIPS CURRAULT**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).
[5] *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005).